**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

MESHAL Y. EL GAMAI, a married man,

Appellant,

v.

MICHAEL J. ROMOSER AND TRACY A. ROMOSER, husband and wife and the marital community composed thereof; and JOHN DOES 1-5,

Respondents.

No. 86222-7-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Meshal El Gamai sued Tracy and Michael Romoser for negligence after he sustained injuries when delivering a package to the Romosers' home. El Gamai appeals the trial court's dismissal on summary judgment and argues that there were issues of material of fact over liability. We affirm.

I

On September 8, 2019, El Gamai was working for Delivery Force, a subcontractor of Amazon, when he was delivering a package for the Romosers at their residence. El Gamai walked up a set of stairs to the front door and he noticed the door was partly open. He claims that three dogs came out of the door and tried to attack him. El Gamai stated that the largest of the dogs tried to bite him. El Gamai explained

that he tried to back away from the dogs and he fell down the stairs. El Gamai alleged that he sustained injuries to his foot, back, and neck.

El Gamai sued the Romosers alleging common law negligence and strict liability under RCW 16.08.040. The Romosers conceded that El Gamai would be considered a business invitee but otherwise denied the allegations.

On December 1, 2023, the Romosers moved for summary judgment. The Romosers argued that there is no liability because a dog is not a dangerous condition on land. The Romosers stated that if the dog had actually bitten El Gamai, liability may attach but because El Gamai admitted in his deposition that no dog bit him, there is no liability.

El Gamai failed to appear at the January 5, 2024 hearing on the Romosers' motion for summary judgment. The trial court granted the Romosers' motion for summary judgment and dismissed El Gamai's lawsuit with prejudice.

El Gamai appeals.

II

We review summary judgment orders de novo, considering the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate "if the pleadings, affidavits, and depositions before the trial court establish that there is no genuine issue of material fact and that as a matter of law the moving party is entitled to judgment." Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995); CR 56(c). The burden is on the moving party to demonstrate there is no genuine issue of material fact. Woodward v. Lopez, 174 Wn. App. 460, 468, 300 P.3d 417 (2013). On

summary judgment, questions of fact may be determined as a matter of law "when reasonable minds could reach but one conclusion." Ruff, 125 Wn.2d at 703-04 (quoting Hartley v. State, 103 Wn.2d 768, 775, 698 P.2d 77 (1985)).

"'After the moving party submits adequate affidavits, the nonmoving party must set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'" Woodward, 174 Wn. App. at 468 (quoting Visser v. Craig, 139 Wn. App. 152, 158, 159 P.3d 453 (2007)). But "a nonmoving party 'may not rely on speculation [or on] argumentative assertions that unresolved factual issues remain.'" Woodward, 174 Wn. App. at 468 (quoting Visser, 139 Wn. App. at 158).

A

El Gamai argues that the trial court erred in granting summary judgment because the Romosers breached their duty to him as a business invitee. We disagree.

A negligence action requires proving (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). In a premise liability action, a landowner's duty of care is governed by the entrant's common law status as an invitee, a licensee, or a trespasser. Tavai v. Walmart Stores, Inc., 176 Wn. App. 122, 127-28, 307 P.3d 811 (2013). The parties agree that El Gamai was an invitee.

Washington has adopted the Restatement (Second) of Torts § 343 (Am. L. Inst. 1965) to define a landowner's duty to an invitee. Eylander v. Prologis Targeted U.S. Logistics Fund, LP, 2 Wn.3d 401, 408, 539 P.3d 376 (2023). Under § 343, a

landowner is only liable for physical harm to their invitees caused by a "condition on land" if the owner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Eylander, 2 Wn.3d at 408.

Here, the Romosers contend that dogs are not a condition on land, citing Saralegui Blanco v. Gonzalez Sandoval, 197 Wn.2d 553, 485 P.3d 326 (2021). In Saralegui Blanco, our Supreme Court concluded that a dog was not a dangerous "condition" on land. Saralegui Blanco, 197 Wn.2d at 563. The court reasoned that "conditions generally associated with premise liability duties involve physical features of the property." Saralegui Blanco, 197 Wn.2d at 563. Thus, based on Saralegui Blanco, we agree with the Romosers that the dog is not a dangerous condition on land.[1] The trial court correctly granted summary judgment for the Romosers as a matter of law on the premise liability claim.

B

El Gamai argues that there is a question of material fact over whether he established prima facie case for common law liability for injuries caused by vicious or dangerous animals. We disagree.

---

[1] El Gamai argues that this case can be distinguished from Saralegui Blanco because the defendants here are not landlords. But this distinction is immaterial in this context.

At common law, an owner of a dog, who knows or reasonably should know the dog has vicious or dangerous propensities likely to cause the injury complained of, is liable for such injury regardless of any negligence. Beeler v. Hickman, 50 Wn. App. 746, 751, 750 P.2d 1282 (1988).

Here, Michael Romoser asserted in his declaration in support of the motion for summary judgment that the three dogs that lived in the house at the time had never bit or harmed anyone. In response, El Gamai provided no evidence to the trial court to the contrary. El Gamai contends on appeal that the Romosers may have typically had their front door shut because they knew their dogs were dangerous. But there is no evidence in the record to support this contention and mere speculation insufficient. See Seven Gables Corp. v. MGM/UA Ent. Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986) ("A nonmoving party in a summary judgment may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value.").

Because El Gamai fails to show the Romosers knew of any dangerous propensity, the trial court did not err when it granted the Romosers summary judgment on common law liability.[2]

We affirm.

---

[2] While not argued on appeal, El Gamai's claim below for liability under Washington's dog bite statute, RCW 16.08.040, failed as a matter of law because El Gamai testified in his deposition that no dog actually bit him.

_Mann, J._

I CONCUR:

_Coburn, J._

*El Gamai v. Romoser, No. 86222-7-I*

FELDMAN, J. (concurring) — While I agree with the reasoning and holding of the majority opinion, I write separately to address two points regarding the proper explication of applicable legal principles.

First, consistent with Washington precedent, the majority states that a negligence claim has four elements: duty, breach, proximate cause, and resulting injury. I believe a more precise formulation would identify five elements: duty, breach, cause in fact (also referred to as factual causation), legal causation (also referred to as proximate cause or scope of liability), and harm (also referred to as injury or damages). As explained in my concurring opinion in *Zorchenko v. City of Federal Way*, 31 Wn. App. 2d 390, 401-04, 549 P.3d 743 (2024), such a formulation is more consistent with general tort principles and would eliminate a recognized source of confusion in Washington judicial opinions and jury instructions addressing causation issues.

Second, also consistent with Washington precedent, the majority applies the traditional common law approach to landowner liability in determining the applicable duty of care based on El Gamai's status as a "business invitee" on the Romosers' property. Many other states have abandoned this approach, which requires distinguishing between invitees (those who enter for the purpose of business dealings with the landowner) and licensees (those who merely enter and remain on land with the landowner's consent, such as social guests), and have instead adopted a single duty of reasonable care in all cases involving such lawful land entrants. *See generally Demag v. Better Power Equipment, Inc.*, 197 Vt. 176,

102 A.3d 1101 (2014) (noting that "a slight majority of state courts have now abolished the distinction between licensees and invitees"). In *Demag*, one of the more recent cases addressing this issue, the Vermont Supreme Court noted that the invitee-licensee distinction "is firmly rooted in landowner privilege," is arbitrary, rigid, and confusing, is "contrary to our modern social mores and humanitarian values," and ultimately fails to recognize that a "visitor's safety does not become less worthy of protection by the law because [they are] a social guest and not a business invitee." *Id.* at 182, 184 (internal quotation marks omitted).

Our Supreme Court has not squarely considered this issue since 1986, when it reaffirmed that "[c]ommon law classifications continue to determine the duty owed by an owner or occupier of land in Washington." *Younce v. Ferguson*, 106 Wn.2d 658, 666, 724 P.2d 991 (1986). Relevant here, the court noted in *Younce* that "the majority of jurisdictions" had not rejected the classifications and that it was "not ready to abandon them for a standard with no contours." *Id.* at 665-66. Because a slight majority of state courts have now abolished the distinction between licensees and invitees, the former point is no longer true and there is now a substantial body of law in other jurisdictions to draw upon. See *Demag*, 197 Vt. at 182 (citing Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 51, Reporter's Note, cmt. a, tbl. (Am. L. Inst. 2012) (listing state practices and citing cases for each state)). Additionally, courts that have abandoned the common law classification have adopted the generally applicable duty of ordinary care, which in Washington is set forth in our pattern jury instructions regarding negligence. *See* WPI Chapter 10. As such, the alternative test is now well-defined.

2

Lastly, while the trial court below did not apply the generally applicable duty of ordinary care, the difference between the applicable legal standards may be outcome-determinative here. Our pattern jury instructions define negligence as "the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances." Negligence—Adult—Definition, 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 10.01 at 126 (7th ed. 2019). Here, for example, El Gamai could potentially argue that a reasonably careful person in the same or similar circumstances would take precautions (such as closing the door) to protect property entrants from being rushed by large pets. Whether to adopt such a test in place of the traditional common law duties owed by an owner or occupier of land is an issue that should be determined by our Supreme Court.

With these observations, I respectfully concur.

_Feldman, J._